**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Thanhtam Phan, et al.,<br>Plaintiffs,<br>v.<br>State Farm Fire and Casualty Company,<br>Defendant. | No. CV-26-03876-PHX-DJH<br>**ORDER** |

Pending before the Court are (1) Thanhtam Phan and Trinh My Thai's ("Plaintiffs") Motion for Default Judgment (Doc. 11) and (2) State Farm Fire and Casualty Company's ("Defendant") Motion to Set Aside Default (Doc. 12). For the following reasons, the Court grants Defendant's Motion (Doc. 12) and denies Plaintiffs' Motion (Doc. 11).

**I. Background**

On June 2, 2026, Plaintiffs filed their Complaint asserting a single claim for breach of contract against Defendant. (Doc. 1 at 4). Plaintiffs' claim arises from Defendant's alleged failure to pay out on Plaintiffs' insurance policy for damage sustained to their property following a hailstorm. (*Id.* at ¶¶ 11–28). Plaintiffs served Defendant on June 4, 2026, and filed a notice of service. (Doc. 8). The declaration of service states that service was made at the Arizona Department of Insurance. (*Id.*)

Defendant failed to answer or otherwise respond to the Complaint. *See* Fed. R. Civ. P. 12(a)(1)(A)(i). On July 17, 2026, Plaintiffs filed an Application for Entry of Default (Doc. 9). The Clerk of Court entered default against Defendant on July 22, 2026 (Doc. 10).

That same day, Plaintiff moved for default judgment against Defendant under Federal Rule of Civil Procedure ("Rule") 55. (Doc. 11).

On August 10, 2026, Defendant moved to set aside the entry of default. (Doc. 12). Defendant submitted a declaration from its counsel and a proposed Answer to Plaintiffs' Complaint (Doc. 12-4). Plaintiffs filed their Response and Defendant filed its Reply (Docs. 13 & 15).

**II. Legal Standard**

Under Rule 55(c), the Court "may set aside an entry of default for good cause." To determine "good cause" the court considers three factors commonly referred to as the *Falk* factors: "(1) whether the plaintiff will be prejudiced, (2) whether the defendant has [no] meritorious defense, and (3) whether culpable conduct of the defendant led to the default." *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984). "This standard, which is the same as is used to determine whether a Rule 60(b) default judgment should be set aside, is disjunctive such that a finding that any one of these factors is true is sufficient reason for the district court to refuse to set aside the default." *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010).

The party seeking to set aside default bears the burden of showing that the *Falk* factors favor setting aside the default. *See Franchise Holding II v. Huntington Rests. Group, Inc.*, 375 F.3d 922, 926 (9th Cir.2004). The decision to vacate the entry of default is a discretionary one and is "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Brandt v. Am. Bankers Ins. Co. of Fla.*, 653 F.3d 1108, 1112 (9th Cir. 2011). The court's discretion under Rule 55(c) is "especially broad," and the court should "resolve[ ] all doubt in favor of setting aside the entry of default and deciding the case on its merits." *O'Connor v. Nevada*, 27 F.3d 357, 364 (9th Cir. 1994). This is because "judgment by default is a drastic step appropriate only in extreme circumstances[.]" *Mesle*, 615 F.3d at 1091 (quoting *Falk*, 739 F.2d at 463). Thus, where relief from an entry of default is timely sought and "the movant has a meritorious defense," any doubts "should be resolved in favor" of setting aside default "so that cases

may be decided on their merits." *Mendoza v. Wight Vineyard Mgmt.*, 783 F.2d 941, 945 (9th Cir. 1986) (quoting *Schwab v. Bullock's Inc.*, 508 F.2d 353, 355 (9th Cir. 1974)).

## III. Discussion

### A. Defendant's Motion to Set Aside Entry of Default

Defendant argues it has satisfied all three *Falk* factors (Doc. 12 at 3–4). Plaintiffs seem to only dispute the third factor, arguing that Defendant failed to show it was not culpable for the default (Doc. 13 at ¶¶ 18–19). The Court will address this factor first.

#### 1. Defendant's Culpable Conduct

"A defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and *intentionally* failed to answer." *Mesle*, 615 F.3d at 1092 (internal quotation marks and citation omitted). The Ninth Circuit has made clear that "to treat a failure to answer as culpable, the movant must have acted with bad faith, such as an intention to take advantage of the opposing party, interfere with judicial decision making, or otherwise manipulate the legal process." *Id.* (internal quotation marks and citations omitted). For example, where a defendant is aware of the consequences of ignoring service of process and nevertheless fails to answer, his conduct is culpable. *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 690 (9th Cir. 1988). But, if a defendant offers a "credible, good faith explanation negating any intention" of bad faith, such conduct is not intentional "and is therefore not necessarily culpable or inexcusable." *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 697–98 (9th Cir. 2001) *overruled on other grounds by Egelhoff v. Egelhoff ex rel. Breiner*, 532 U.S. 141 (2001). "In evaluating a defendant's alleged culpability, courts are to accept the defendant's uncontested factual allegations accompanying the motion to set aside default as true." *Francois & Co., LLC v. Nadeau*, 334 F.R.D. 588, 598 (C.D. Cal. 2020) (citing *Falk*, 739 F.2d at 464). Even upon finding defendant was culpable, the court is not required to deny relief to set aside a default. *Brandt*, 653 F.3d at 1112. "[W]here the defendant has a meritorious defense and any prejudice can be cured," a court's finding that the defendant "acted culpably [does] not preclude it, as a matter of law," from granting relief under Rule

55(c). *Id.*

Defendant asserts its failure to file an Answer was the result of excusable neglect, rather than any intentional act, bad faith, or manipulation of the legal process (Doc. 12 at 3). In his declaration, Defendant's counsel affirms that the Answer was not filed due to an oversight, and that he did not realize the mistake until Defendant requested an update on August 10, 2026. (Doc. 12-1 at ¶¶ 2–3). Once counsel saw default had been entered, he contacted Plaintiffs' counsel and stated that he would move to set aside the default (*Id.* at ¶¶ 4–6). Defendant filed the Motion that same day (Doc. 12). Counsel also explains that he calculated the deadline to file Defendant's Answer based on A.R.S. § 20-222(B).[1] (Doc. 15 at 1). Counsel calendared to file Defendant's Answer by July 14, 2026, forty days after the June 4, 2026, date of service (*Id.*) Counsel "accept[s] responsibility for the oversight, and apologize[s] to the Court, to opposing counsel, and the Plaintiffs for the inconvenience" caused. (Doc. 12-1 at ¶ 7).

Although counsel offers no explanation for why he thought this statute applied rather than Rule 12, the court ultimately does not find evidence that Defendant deliberately sought to manipulate the judicial process, take advantage of Plaintiffs, or otherwise acted deliberately in bad faith to a degree that warrants entering a default against it at this time. *See* Fed. R. Civ. P. 12(a)(1)(A)(i) (defendant must serve an answer within 21 days of service). Defendant has credibly explained that its failure to respond to the Complaint was due to counsel's misunderstanding of the time to file its Answer and an oversight in failing to realize it was not filed. *See Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1225 (9th Cir. 2000) (finding excusable neglect to warrant relief from default even where attorney's reason for delay was "admittedly, weak" and demonstrated "a lack of regard for his client's interests and the court's docket"). Thus, the Court finds that Defendant did not engage in culpable conduct resulting in the entry of default.

/ / /

[1] That statute provides that when service is made upon an insurer's director, the deadline to "appear, answer or plead" in an action is forty days from the date of service. A.R.S. § 20-222(B).

**2. Prejudice to Plaintiff**

Next, for a plaintiff to be prejudiced, "the setting aside of a judgment must result in greater harm than simply delaying resolution of the case." *TCI Grp.*, 244 F.3d at 701. Prejudice exists when the "plaintiff's ability to pursue his claim will be hindered." *Id.* (internal quotation marks and alteration omitted). This generally means that the delay must "result in tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion." *Id.* (internal quotation marks and alteration omitted); *see Bateman*, 231 F.3d at 1224–25 (finding no prejudice where setting aside judgment would only deprive plaintiff of "a quick victory").

Defendant contends that the evidence underlying Plaintiffs' claim is thoroughly documented so their ability to pursue their claim has not been hindered. (Doc. 12 at 4). Plaintiffs do not dispute this, and there is no indication the delay has resulted in any hinderance to pursuing their claims. Thus, the Court finds that Plaintiffs will not be prejudiced by setting aside the entry of default.

**3. Meritorious Defense**

Lastly, for the meritorious defense factor, a defendant seeking to set aside a default must "allege sufficient facts that, if true, would constitute a defense." *Mesle*, 615 F.3d at 1094. This burden is "not extraordinarily heavy," and the Court need not determine whether the alleged facts are true when deciding whether to set aside default. *Id.* at 1093–94 (internal quotation marks omitted). Nevertheless, "conclusory statements" will not suffice, and a "mere general denial without facts to support it is not enough to justify vacating a default[.]" *Franchise Holding II*, 375 F.3d at 926. The primary question is whether "there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *Hawaii Carpenters' Tr. Funds v. Stone*, 794 F.2d 508, 513 (9th Cir. 1986).

Defendant asserts the parties dispute: the cause of Plaintiffs' property damage, whether the damage occurred on the claimed date of loss, whether the damage was attributable to other factors, and the extent of Plaintiffs' damages (Doc. 12 at 4). Defendant

specifically argues that it denied Plaintiffs' insurance claim based on an engineering report that indicated Plaintiffs' property was not damaged (*Id.*; Doc. 12-2) If it is true that Plaintiffs' property was not damaged, then Defendant would not be liable, which would lead to a result contrary to that achieved by default. Therefore, the Court finds Defendant's assertions are sufficient to meet its minimal burden under this factor.

Having considered the *Falk* factors, the Court concludes that good cause exists to set aside the entry of default against Defendant.

**B. Plaintiff's Motion for Default Judgment**

For the reasons set forth above, the Court grants Defendant's Motion to Set Aside the Entry of Default. (Doc. 12). The Court denies Plaintiffs' Plaintiffs' Motion for Default Judgment (Doc. 11) as moot because there must first be an entry of default before a default judgment. Fed. R. Civ. P. 55; *see, e.g., Torres v. Ryan*, 2013 WL 3442832, at *5 (D. Ariz. July 9, 2013) ("The Court denies Plaintiff's motion as moot because the default in this case is set aside and Plaintiff must first have a default to be granted a default judgment.").

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Set Aside Default (Doc. 12) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Default Judgment (Doc. 11) is **DENIED** as moot.

**IT IS FINALLY ORDERED** that Defendant shall file its Answer to Plaintiff's Complaint (Doc. 12-4) within **five days** of this Order.

Dated this 21st day of October, 2026.

Honorable Diane J. Humetewa
United States District Judge